IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Case No: 2:12cr34

LAWAN GADDY,
        Defendant.

## OPINION/ ORDER CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Lawan Gaddy, in person and by counsel, Dwight Hall, appeared before me on December 14, 2012. The Government appeared by Zelda Wesley, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant intended to enter a plea of "Guilty" to a One-Count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The AUSA then summarized the agreement. Defendant then stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which

waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Lawan Gaddy, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. The undersigned reviewed with Defendant the One-Count Information, including the elements the United States would have to prove at trial, charging him with aiding and abetting in a false statement in acquisition of a firearm, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2. Defendant advised that he had not reviewed with counsel the actual Information, upon which the Court allowed him time to confer with counsel regarding the Information and charge contained therein. Defendant then verbally acknowledged his understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the One-Count Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct: Did you and your lawyer discuss and did you understand from that discussion that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of your sentencing?

Def: Yes, sir.

Ct: Did you and your lawyer review and did you understand from that review that you have a possible, a possibility of filing a motion under 28 USC section 2255, commonly called a habeas corpus motion collaterally attacking, in other words challenging your sentence and the way that sentence is being executed by the prison, the warden and staff at the prison?

Def: Can you actually repeat that one more time for me, please?

Ct:   I'll try. Did you and your lawyer discuss, and from that discussion do you understand you could file a writ of habeas corpus-type motion under 28 USC section 2255?

Def:  Yes, sir.

Ct:   Do you understand that what I mean by a writ of habeas corpus motion is a motion that you file after your sentencing that challenges the sentence or how it is being carried out by the warden and the staff at the prison?

Def:  Yes, sir.

Ct:   Did you and your lawyer discuss and did you understand that under paragraph 10 of your written plea agreement, if the District Judge imposes an actual sentence which is the same as a guideline sentence with a base offense level of 14 or lower you give up your right to appeal that sentence and you give up your right to file a writ of habeas corpus motion indirectly challenging that sentence?

Def:  Yes. Yes, your Honor.

Ct:   And did you intend to do it under the condition set forth in paragraph 10?

Def:  Yes, your Honor.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition contained in the written plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the amended written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on October 6, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the One-Count Information and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court then inquired whether the current written plea agreement was the sole offer made to Defendant, to which both parties responded that it was.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath

concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Lawan Gaddy, with the consent of his counsel, Dwight Hall, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count Information.

The Court then received the sworn testimony of ATF Special Agent Ella Snyder, who testified she was involved in the investigation of Defendant, which investigation began with the case against Christopher Bills. On September 20, 2011, Defendant and Tiffany Roach, his then-girlfriend, entered McCall's Pawn Shop in Lewis County, West Virginia. McCall's is a federally-licensed firearms dealer. On that date, Defendant and Roach provided a false statement on a form in order to obtain a firearm. Defendant is prohibited from possessing a firearm, and this status was known by him and Roach. The firearm purchased was a Hi Point 40 caliber pistol, which was purchased with ammunition, for $375.00. Defendant and Roach, who is also charged with the same offense in a separate Information, entered the store. Roach indicated she was interested in a pink gun, but Defendant said he was not interested in a pink gun. She stated she would get him the gun for his birthday, which actually is September 20. Roach then made a false statement on the form, stating she was the actual transferee/buyer of the firearm. When interviewed later, Roach stated she should have said she was not the actual buyer/transferee. If Defendant were named as the actual buyer, he would not have been sold the gun. Defendant was later interviewed. He stated that the firearm was actually a "lightweight gift," meaning that he and Roach shared it as a gift. Defendant gave Roach the money to buy the gun. He also had shot the gun.

Defendant stated he heard, understood, and did not disagree with SA Snyder's testimony regarding his own actions. From the testimony of SA Snyder, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood his right to have his charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the One-Count Information; and Defendant's plea is independently supported by the testimony of Special Agent Snyder, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the One-Count Information and recommends the plea agreement be accepted and he be adjudged guilty on said charge as contained in the One-Count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is returned to State custody pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

It is so **ORDERED**.

DATED: December 17, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE